```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
JAMES L. ROUDABUSH, JR.,           :
                                   :
         Petitioner,               :   Civ. No. 15-8249 (NLH)
                                   :
     v.                            :   OPINION
                                   :
WARDEN J. HOLLINGSWORTH,           :
                                   :
         Respondent.               :
_____:

APPEARANCES:
James L. Roudabush, # R82038-083
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

    Petitioner James L. Roudabush, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence.

## I.   FILING FEE

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

    Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a).  Additionally, although Petitioner submitted an affidavit stating he is unable to pay the fee (ECF No. 1-1), he did not submit a certification signed by an authorized officer of the institution certifying: (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. L. Civ. R. 81.2(b).

    Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

## II.   FORM OF PETITION

Pursuant to Local Civil Rule 81.2, unless prepared by counsel, a petition for writ of habeas corpus must be submitted using forms supplied by the Clerk of the Court. See L.Civ.R. 82.1(a).  In this case, Petitioner is proceeding pro se and failed to utilize the court-provided forms.  Accordingly, in the event he chooses to apply to reopen this case, and satisfies the filing fee by either paying the $5 filing fee or by submitting a complete application to proceed in forma pauperis, Petitioner will be required to submit an Amended Petition using the court-provided forms. See AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (12/11).

Moreover, the Petition in this case fails to substantially follow the content of the form supplied by the Clerk and, as such, does not comport with Rule 2 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Significantly, the Petition does not indicate whether Petitioner has exhausted his administrative remedies with respect to his claims.  Thus, requiring Petitioner to resubmit his Petition on Court-provided forms will assist him, and the Court, in determining the appropriateness of a petition under § 2241.

Finally, the Court notes that in his Petition, Petitioner states that the "[Federal Bureau of Prisons] did score [him] incorrectly with an express intent to punish[;]" (Pet. 5, ECF No. 1), and that his rights under the 14th, 5th, and 6th Amendments, as well as the "Due Process Clause," "Privileges and Immunities Clause," and the "Equal Protection Clause" have been violated (Pet. 6, ECF No. 1).  The Court makes no findings as to the merits of Petitioner's claims in the context of this action; however, the Court notes that, typically, these types of claims are appropriately brought in the context of a civil rights action.  See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002).

### III. CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

          ___s/ Noel L. Hillman_____
          NOEL L. HILLMAN
          United States District Judge

Dated: December 8, 2015
At Camden, New Jersey

---

originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).